IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01282-BNB

STANIMIR GEORGIEV PAVLOV,

    Applicant,

v.

BILL RITTER, Governor for the State of Colorado,
ARISTEDES W. ZAVARAS, CO. Dep. Of Corrections Executive Director,
WARDEN SMELZER, CCF, and
JOHN W. SUTHERS, CO. Attorney General,

    Respondents.



F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL -6 2010

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Pavlov has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of a Jefferson County, Colorado district court conviction and sentence.

The Court must construe the amended application liberally because Mr. Pavlov is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Pavlov will be ordered to file a second amended application.

The Court has reviewed the amended application and finds that it is deficient.

First, Mr. Pavlov fails to name a proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. **See** 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; **Harris v. Champion**, 51 F.3d 901, 906 (10th Cir. 1995). In the June 3, 2010, order to commence and cure, Magistrate Judge Boyd N. Boland informed Mr. Pavlov that the only proper Respondent in a habeas corpus action is his warden, i.e., Warden Smelzer.

In addition to naming the proper Respondent on his second amended application, Mr. Pavlov must assert his claims clearly and he must allege specific facts in support of each asserted claim. He fails to make clear which allegations in the addendum to his amended application apply to which claim. In addition, § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Pavlov must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. **See Mayle v. Felix**, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Applicant, Stanimir Georgiev Pavlov, file **within thirty (30) days from the date of this order** a second amended application that names the proper

Respondent, clarifies the constitutional claims he is asserting, and sets forth specific facts in support of each asserted claim It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Pavlov, together with a copy of this order, two copies of the following form to be used in submitting the second amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that the second amended application shall be titled "Second Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Pavlov fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action dismissed without further notice.

DATED at Denver, Colorado, this 6th day of July, 2010.

BY THE COURT:

s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01282-BNB

Stanimir Georgiev Pavlov
Prisoner No. 134930
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 7/6/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk