IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01282-BNB

STANIMIR GEORGIEV PAVLOV, also known as
ATANAS VELICHKOV YORDANVO,

    Applicant,

v.

WARDEN SMELZER [sic], and
JOHN W. SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2011

GREGORY C. LANGHAM
              CLERK

---

## ORDER OF DISMISSAL

---

    Applicant, Stanimir Georgiev Pavlov, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Pavlov filed *pro se* a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in case number 04CR1781 in the District Court for Jefferson County, Colorado. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    On September 16, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A). On October 5, 2010, Respondents filed their pre-answer response. On October 14, 2010, Mr. Pavlov filed a reply to the pre-

answer response. On December 6, 2010, he filed a document titled "Caveat Petition to Show Cause for Time Dilation."

The Court must construe liberally Mr. Pavlov's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Mr. Pavlov, an alias for Atanas Velichkov Yordanvo, *see* pre-answer response, ex. A at 2, was convicted by a jury in Jefferson County District Court Case No. 04CR1781 of theft, third-degree burglary, possession of burglary tools, criminal impersonation, and violation of bail bond conditions. On October 10, 2007, following the jury verdicts, the trial court granted Mr. Pavlov's request for immediate sentencing and imposed prison sentences totaling two years, to be served concurrently with each other but consecutively to his sentence in case number 04CR1228 in the District Court for Mesa County, Colorado, which is the subject of *Pavlov v. Smelzer [sic]*, No. 10-cv-01723-BNB (filed July 21, 2010). Mr. Pavlov did not appeal directly from the judgment of conviction or sentence in No. 04CR1781.

On April 7, 2008, Mr. Pavlov filed a motion for new trial alleging Sixth Amendment violations, which the trial court denied on April 23, 2008. Mr. Pavlov did not appeal.

On June 6, 2008, he filed a motion titled "Motion to Show Cause or Compell [sic]," which the trial court denied on June 25, 2008. Mr. Pavlov did not appeal.

On March 18, 2009, Mr. Pavlov filed a motion titled "Claims/Discovery/Evidence to Abrogate Void Conviction." The trial court ordered him to refile a motion that complied with Rule 35(c) of the Colorado Rules of Criminal Procedure. On April 10, 2009, he filed a Colo. R. Crim. P. 35(c) postconviction motion, which the trial court denied six days later. On December 24, 2009, the Colorado Court of Appeals affirmed the trial court's order denying his motion for postconviction relief. On April 26, 2010, the Colorado Supreme Court denied certiorari review.

On June 16, 2009, while his state postconviction appeal was pending, Mr. Pavlov filed in this Court an application for writ habeas corpus pursuant to 28 U.S.C. § 2254. **See Pavlov v. Zavaras**, No. 09-cv-01397-ZLW (D. Colo. Oct. 1, 2009). On October 1, 2009, the application in No. 09-cv-01397-ZLW was denied and the action dismissed without prejudice for failure to exhaust state court remedies. On May 28, 2010, the Court signed an order, filed on June 3, 2010, directing the clerk of the Court to commence the instant action.

Mr. Pavlov asserts the following claims:

> 1. The State of Colorado did not have personal jurisdiction over him.
>
> 2. The State of Colorado did not have subject matter jurisdiction over his case.
>
> 3. Respondents failed to present the following documents in his appeal: oath of office, officer affidavit, employee affidavit, surety bond, and registration.

Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides:

3

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. As previously stated, Mr. Pavlov was sentenced on October 10, 2007, and did not appeal directly from the judgments of conviction. Mr. Pavlov had forty-five days, or until November 24, 2007, to file an appeal. *See* Colo. R. App. P. 4(b). However, because November 24, 2007, was a Saturday, the limitation period did not commence until

November 26, 2007, the next business day. Therefore, his conviction became final on November 26, 2007, when the time for filing an appeal expired.

The limitation period ran for 133 days until April 7, 2008, when Mr. Pavlov filed his first postconviction motion. Mr. Pavlov had forty-five days from April 23, 2008, when the postconviction motion was denied, until June 7, 2008, to seek an appeal under state law. *See Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. R. App. P. 4(b). However, because June 7, 2008, was a Saturday, the limitation period was tolled until June 9, 2008, the next business day.

Mr. Pavlov's June 6, 2008, "Motion to Show Cause or Compell [sic]" did not constitute a properly filed postconviction motion and, for the reasons stated below, did not toll the limitation period. A state postconviction motion is not properly filed if it fails to meet conditions precedent imposed by the state upon the filing of a postconviction motion. *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Moreover, a motion for transcripts is not a collateral proceeding that tolls the one-year limitation period. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). In Colorado, a motion for postconviction relief filed under Colo. R. Crim. P. 35(c) must specify one or more grounds listed in Colo. R. Crim. P. 35(c)(2), and must seek relief listed in Colo. R. Crim. P. 35(c)(3).

Mr. Pavlov's "Motion to Show Cause or Compell [sic]" did not state a claim for relief. Rather, the motion requested a ruling on Mr. Pavlov's earlier discovery request for transcripts and other parts of the record, filed on April 21, 2008, as an attachment to his motion for new trial. *See* pre-answer response, ex. C at 1. On June 25, 2008, the

trial court denied the motion because the court previously had denied Mr. Pavlov's motion for a new trial. Because the motion merely was a request for transcripts and other discovery and failed to state any claims for relief, it was not a properly filed postconviction motion that tolled the limitation period.

Therefore, the limitation period began to run on June 10, 2008, until it expired on January 27, 2009, 232 days later, *i.e.*, 133 days plus 232 days equals 365 days. Mr. Pavlov did not file his motion titled "Claims/Discovery/Evidence to Abrogate Void Conviction" until March 18, 2009, 50 days after the limitation period expired. The motion did not toll the one-year limitation period because it was filed after the one-year limitation period expired. **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by the [Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations."). Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Section 2244(d) is subject to equitable tolling in appropriate cases. **Holland v. Florida**, 130 S. Ct. 2549, 2560, 2562 (2010); **see also Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998) (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson**, 232 F.3d at 808. However, simple

excusable neglect is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence. *See Holland*, 130 S. Ct. at 2565, and it is the inmate's "strong burden" to "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Pavlov fails to allege facts that might justify equitable tolling of the one-year limitation period. He does not allege that he has been pursuing his claims diligently or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied and the action dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' remaining arguments concerning Mr. Pavlov's exhaustion of his federal constitutional claims need not be addressed.

Accordingly, it is

ORDERED that the clerk of the Court correct the docketing records for this action to include Atanas Velichkov Yordanvo as an alias for Applicant, Stanimir Georgiev Pavlov. It is

FURTHER ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01282-BNB

Stanimir Georgiev Pavlov
Prisoner No. 134930
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 1/6/11

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk